Justices Hernández, Figueras, MacLeary and Wolf concurred.

---

## HERNÁNDEZ v. FORTEZA.

### APPEAL from the District Court of Arecibo.

No. 18.—Decided February 20, 1906.

APPEAL.—Where neither of the parties to a suit has asked for a hearing of testimony, in accordance with section 54 of General Orders No. 118 of 1899, the court shall set a time therefor and its decision refusing to reconsider its order is not appealable.

## STATEMENT OF THE CASE.

This is a declaratory action of greater import brought in the former District Court of Arecibo, by Pedro Hernández, on behalf of his minor daughter, Eladia Hernández Bracero, and the latter in turn on behalf of her son José, a minor, as plaintiff, against Luis Forteza y Prieto, as defendant, to compel him to acknowledge and support his natural child, José Hernández, and which case is pending before us by virtue of an appeal taken by counsel for the plaintiff from a decision of the said district court which reads as follows:

"*Arecibo, March 18, 1904.*—On the 4th instant this court made an order fixing the 29th instant as the date for the holding of the oral hearing of this cause, in accordance with the provisions of section 54 of General Orders No. 118 of 1899, as neither of the parties had asked for a hearing for the submission of evidence, which section 53 of said general orders prescribes as essential and indispensable, and which does not take place unless prayed for by the parties in the complaint and answer.

"From this order counsel for the plaintiff, Pedro Hernández, took an appeal, alleging that although it was true that in his complaint he had not prayed that evidence be heard in the action, on the other hand it could be deduced from the context of such complaint that such was his intention, because he prayed in his complaint for final judgment by the court after an oral hearing, and that this court should construe the prayer in the most favorable sense to the claim deduced, because this court more than a court of law was a court of justice.

"The appeal having been referred to the defendant for answer thereto within the legal period of three days, the latter did so allege that courts of justice were compelled to confine themselves to the provisions of law, and when so specific a provision as that of section 54 of General Orders No. 118 of 1899 prescribed that when neither of the parties had requested the taking of evidence in either the complaint or the answer, the court was compelled to apply this provision as it stood. This was done by the District Court of San Juan in a decision made in the case of *Ordóñez* v. *Bolívar,* and two different opinions in the same matter of legal application could not be maintained.

"The case having been called for the decision of this preliminary

appeal, Associate Judge Otto Schoenrich filed a dissenting opinion which appears at the end of this order.

"The only law in force governing the procedure in declaratory actions in courts of justice is General Orders No. 118 of 1899, section 54 of which repeals any other legal provision relating to the hearing and determination of declaratory actions.

"Section 52 of General Orders No. 118 of 1899 prescribes the formalities to be observed by the parties at the hearing for the submission of evidence, which hearing they may attend personally or through their legal representatives, accompanied by their respective counsel, who shall present in writing a notice of the testimony of every description which each intends to call for, which, before being heard at the final oral hearing, must be examined and held to be pertinent by the court.

"Neither the plaintiff nor the defendant in his complaint and answer, respectively, has requested the taking of evidence, and section 54 of General Orders No. 118 of 1899, provides: 'If neither of the litigants has asked for hearing of testimony in their documents of claim and reply, the court shall immediately set a day and hour for a public hearing, at which the lawyers for the complainant and defense shall state their clients' case.'

"The allegations of the plaintiff in his petition for a reconsideration, seeking to convince this court that it is a court of justice and not a court of law, and that it may be deduced from the original complaint that it was the intention of the plaintiff although not stated in a clear manner, that evidence should be heard in the case, cannot be considered by this court, because in civil matters the discretional power of courts of law is annulled by the intervention of the adverse party, who, as in this case, insistently demands a strict application of the provisions of law, and such demand cannot be ignored in the absence of another legal provision to the contrary.

"This is not the first time that the courts of the Island have been called upon to decide a question involving an omission or neglect of the plaintiff in his complaint, as in the case of *José Ordóñez* v. *Gorgonio Bolívar*, prosecuted in the District Court of San Juan in the early part of the year 1900, the same point was decided in the same manner as it has been decided in this proceeding; and that decision has not been reversed or modified by the Supreme Court.

"For the reasons stated, the reconsideration prayed for by Attorney Antonio Suliveras on behalf of Pedro Hernández cannot be granted.

"In view of the provisions cited and articles 370 of the Law of

Civil Procedure, the application for a reconsideration of the order of the 4th instant, citing the parties to the public hearing of the action, is denied; and it is ordered that said order be complied with. So ordered and signed by the judges of the court.—Felipe Cuchí; Carlos Franco Soto; Otto Schoenrich; Feo. Gandía."

Counsel for the plaintiff took an appeal from this order, which was allowed both for stay of proceedings and review, the parties being summoned; and the latter having entered an appearance in this Supreme Court, and the appeal having been duly prosecuted, a day was set for the hearing which was had without the attendance of counsel for the parties.

*Mr. Suliveras* for appellant.

*Mr. José C. Ramos* for respondent.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact of the order appealed from are accepted.

No appeal lies from the decision appealed from either un der the act of the Legislative Assembly of this Island of March 12, 1903, establishing the Supreme Court as a court of appeals, according to which an appeal lies in all cases in which the former Law of Civil Procedure spoke of appeals in cassation, but in which cases the order appealed from is not included, nor under the Code of Civil Procedure in force, because it is not included in any of the cases in which an appeal lies to this Supreme Court from the decisions of district courts, according to section 295 of said Code.

In view of the legal provisions cited, we adjudge that we should dismiss, and we do dismiss, the appeal taken from the order of March 18, 1904, made by the former District Court of Arecibo, with the costs against the appellant.

*Dismissed.*

Justices Hernández, Figueras, MacLeary, and Wolf concurred.